Case 1:19-cr-00808-VEC   Document 569   Filed 11/03/23   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
   UNITED STATES OF AMERICA             :

                  -against-                      :
                                                          :          19-CR-808 (VEC)
                                                          :
   FALIKOU KONE,                                  :        MEMORANDUM AND
                                                          :              ORDER
                        Defendant.              :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

On September 29, 2023, Defendant Falikou Kone requested an order permitting the Probation Office to amend his Presentence Investigation Report ("PSR") to indicate that "[he] has a history of substance abuse and that that history continued at the time of the offense conduct described in the PSR." *See* Def.'s Sep. 29, 2023 Letter at 1, Dkt. 566. Defendant seeks this amendment because, absent a recent history of drug abuse, he is not eligible to participate in the Residential Drug Abuse Program ("RDAP") of the Bureau of Prisons. *See id*. Though a history of substance abuse is typically included in a PSR, on advice of counsel, when Defendant was interviewed by the Probation Office for the PSR, he declined to discuss his history of substance abuse. *See id*.[1] On October 24, 2023, the Government opposed Defendant's motion. *See* Dkt. 568.

## BACKGROUND

On July 6, 2022, following a jury trial, Defendant was found guilty of wire fraud, in violation of 18 U.S.C. § 1343 and 2, bank fraud, in violation of 18 U.S.C. § 1344 and 2, and transportation of stolen vehicles, in violation of 18 U.S.C. § 2312 and 2. The PSR was initially

---

[1] As the Government noted, Gov.'s Oct. 24, 2023 Letter at 3, Dkt. 568, there are numerous references in the PSR to Kone's history of substance abuse. There is, however, no indication in the PSR that his abuse of drugs continued into the time period of the offenses of conviction.

disclosed on October 4, 2022. *See* Dkt. 489. The final PSR was filed on February 27, 2023, following a change of counsel at Mr. Kone's request, and numerous objections and proposed modifications to the PSR made by Defendant's new counsel. *See* Dkt. 514 at 29-31. On April 3, 2023, the Court sentenced Defendant to six years' imprisonment on each count to run concurrent and five years' supervised release on count 3 to be served concurrently with three years' supervised release on counts 2 and 4. *See* Dkt. 544 at 2-3. Defendant filed a timely notice of appeal on April 13, 2023. *See* Dkt. 545.

## DISCUSSION

Defendant claims to have a history of substance abuse that continued into the time he was committing the crimes for which he was convicted. When Defendant was interviewed by the Probation Office for the PSR, however, he declined to answer any questions regarding such abuse. The final PSR, under the heading "Substance Use Disorder," states:

> On the advice of counsel, Kone declined to answer any questions regarding the use of illicit drugs or whether he has ever had a substance-abuse problem. No intake urinalysis was administered by the pretrial services office on April 8, 2021.

February 27, 2023 PSR ¶ 111, Dkt. 514.

Prior to and at the time of sentencing, Defendant was represented by counsel. Defendant's counsel filed numerous objections to the PSR but never objected or sought to supplement the "Substance Use Disorder" section. *See* Dkt. 514 at 29-31. Defendant now seeks to "correct" the PSR eight months after receiving the final PSR and six months following sentencing. Defendant cites no judicial opinion, statute, or rule allowing such an amendment, nor does he explain why, given the pending appeal, this Court has jurisdiction to entertain his request.

Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record

arising from oversight or omission." Fed. R. Crim. P. 36; *United States v. Contrera*, 2022 WL 301784, at * 2 (2d Cir. Feb. 2, 2022).  Rule 36 "does not permit a district court to correct errors of law, judgment, or even misidentification." *United States v. Musa*, 447 F. App'x 284, 285 (2d Cir. 2012).  It permits courts only to correct minor, clerical errors, defined as those "of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (citation omitted).  In *Contrera*, the Second Circuit affirmed the district court's denial of the defendant's Rule 36 motion to correct base offense levels and a Guidelines enhancement contained in his PSR, holding that "correcting any putative errors concerning the inclusion of factual allegations related to obstruction of justice and an accompanying offense-level increase would involve more than the 'mechanical' correction of a clerical error." 2022 WL 301784, at *2.

       The problem with Defendant's motion is that there has been no clerical error, oversight or omission.  *See United States v. Ford*, No. 14-CR-476, 2018 WL 9814590, at *1 (S.D.N.Y. Sep. 11, 2018).  Defendant had the opportunity during his interview with Probation to provide his history of substance abuse and, additionally, could have sought to correct the PSR to include that history as part of his numerous objections to the PSR.  Defendant, perhaps as the result of a strategic decision, did not avail himself of either option.  He does not now seek to "correct" the PSR but rather to "recast[]" it, with the hope that such an amendment will enhance the likelihood that he will be accepted into RDAP (with the hope that, if successful in that program, his sentence will be reduced by one year).  *See United States v. Schneider*, No. 12-CR-74, 2016 WL 126378, at *1 (E.D.N.Y. Jan. 11, 2016) (denying defendant's Rule 36 motion to amend the PSR regarding substance abuse).  *See also United States v. McMahon*, No. 7-CR-566-08, 2013 WL 2896959, at *1 (S.D.N.Y. June 12, 2013) (denying defendant's Rule 36 motion to correct

perceived error in the PSR that resulted in defendant having three criminal history points instead of two, rendering him ineligible for RDAP).

Defendant's motion is also barred because, given the pending appeal of his conviction, this Court lacks jurisdiction. Federal Rule of Criminal Procedure 37 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed R. Crim. P. 37.

Defendant filed a timely notice of appeal on April 13, 2023, *see* Dkt. 545, and the contents of the PSR are part of his pending appeal. Thus, even if the Court were inclined to grant the motion, which it is not, it lacks jurisdiction to do so.

## CONCLUSION

For the reasons indicated, Defendant's motion is dismissed for lack of jurisdiction. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 566.

**SO ORDERED.**

**Date: November 3, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**