```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 12/13/24
```

------------------------------------------------------------- X
  UNITED STATES OF AMERICA              :
                                                      :      19-CR-808-8 (VEC)
         -against-                    :
                                                      :      ORDER
  FALIKOU KONE,                             :
                                                      :
                            Defendant.       :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 18, 2024, Defendant filed an expedited *pro se* motion for bail pending appeal pursuant to Fed. R. Crim. P. 46(c) and 18 U.S.C. § 3143(b), *see* Dkt. 593;

       WHEREAS Defendant has two appeals pending before the Second Circuit: an appeal of his conviction, No. 23-6359, and an appeal of this Court's Order at Dkt. 584 denying his motion to correct the district court docket, No. 24-2375, and has recently filed a petition for writ of mandamus to compel this Court to rule on the motion at Dkt. 536 ("Defendant's Statement in Mitigation of Sentence, and Related Relief, Brought Pursuant to Rules 32(i)(1)(4)(A)(ii) & 34(a) of the Federal Rules of Criminal Procedure"), No. 24-3198;

       WHEREAS on October 18, 2024, Defendant filed a declaration in support of his motion for bail pending appeal and in support of his motion for a new trial (the "Declaration"), *see* Dkt. 594;

       WHEREAS although Defendant filed a motion for a new trial on August 17, 2022, Dkt. 468, that was denied on February 3, 2023, Dkt. 512, he has not subsequently filed another motion for a new trial;

       WHEREAS Defendant claims to have undertaken a "private investigation" that has revealed newly discovered evidence, that demonstrates: the government used "falsified"

evidence against him, Declaration at 2; an NYPD officer lied about a call regarding a stolen car, *id.* at 3–4; and a waybill that was seized during a search of his home was beyond the scope of the search warrant, *id.* at 4;

WHEREAS Defendant attached pages of exhibits that are illegible, *id.* at 5–8;

WHEREAS Defendant filed a second declaration ("Second Declaration") that purports to be submitted in support of his motion to correct an omission in the records of the district court's proceedings and in support of his motion to settle the record on appeal, *see* Dkt. 595;

WHEREAS the Second Declaration seeks "the trial indictment to be docketed and be part of the record on appeal," *see id*. at 2;

WHEREAS the Court construes the Second Declaration to be a request to docket the trial indictment, *see id*.;

WHEREAS the trial indictment was previously docketed as an exhibit to the declaration of Defendant's former counsel and can be found at Dkt. 471–1;

WHEREAS Defendant seeks bail pending appeal arguing that (1) he does not pose a risk of flight or a danger to the community; (2) his appeal raises substantial questions of law and fact which would likely result in reversal, a new trial, or a shorter sentence; and (3) Defendant will have served all, or almost all, of his sentence before his appeal is heard and decided, *see* Dkt. 593 ("Bail App."); and

WHEREAS Defendant asserts that his private investigation led to newly discovered evidence and that he otherwise has additional arguments why the appeal of his conviction will be successful, including: (1) that the non-negotiable waybill (Trial Ex. 919) was illegally seized, thereby tainting the indictment, trial, and conviction, *see* Bail App. at 2; (2) the NCIC report (Suppression Hearing Ex. 7) was a falsified document, and the government committed

prosecutorial misconduct by using it, *see* Bail App. at 6–8; (3) the NYPD officers lied in their police report, *see id*. at 7; (4) the government refused to disclose exculpatory evidence regarding Defendant's arrest on October 2, 2020, *see id.* at 10–11; (5) the district court erred by not suppressing evidence seized at the time of Defendant's arrest and allowing its introduction at trial, *see id.* at 12; (6) the indictment was defective, and his counsel was ineffective, *see id*. at 17–26; (7) his conviction on counts two and three of the S4 indictment should be reversed based on "retroactive misjoinder," *see id.* at 26–27; (8) the ATM pictures used as evidence were improperly admitted into evidence, *see id*. at 27–28; (9) his request for a *Fatico* hearing regarding the loss amount was erroneously denied, *see id.* at 30; and (10) his sentence is procedurally and substantively unreasonable, *see id*. at 31.

      IT IS HEREBY ORDERED that Defendant's motion for bail pending appeal is DENIED. Under the Bail Reform Act, the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," unless the Court makes certain findings by "clear and convincing evidence." 18 U.S.C. § 3143(b)(1)(A). District courts may only grant bail pending appeal where they make all four of the following determinations: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed." *United States v. Fishbein*, No. 21-CR-296, 2024 WL 3876305, at *1 (S.D.N.Y. Aug. 20, 2024). The defendant carries the burden of persuasion to demonstrate that each of the four requirements is met. *Id*.

Defendant has not met his burden.  The Court need not analyze each factor because the Defendant must meet all four; the Court does not find any of the grounds raised by Defendant to be substantial or to present close questions for purposes of appeal.  A "substantial question" under the third prong is "a close question or one that very well could be decided the other way." *United States v. Hopkins*, No. 22-CR-465, 2024 WL 4265292, at *2 (S.D.N.Y. Sept. 20, 2024) (citation omitted).  Even where a question raised on appeal is "substantial," a court must "consider whether that question is so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial."  *Id.* (citation omitted).  Defendant claims he conducted a "private investigation."  Despite including the heading "newly discovered evidence," he has not proffered any new evidence, and he has raised no issues that are likely to lead to reversal of his conviction.

Although Defendant lists several questions that he would raise on appeal, *see supra*, none of these questions warrants bail pending appeal because either it is an argument that has previously been raised and rejected, or it is an argument that could have been raised previously but was not, or it is a conclusory allegation without any factual basis (*e.g.*, that the government used a falsified document at trial or that NYPD officers lied in the police report).  For the foregoing reasons, Defendant's motion for bail pending appeal is DENIED.

IT IS FURTHER ORDERED that Defendant's purported motion for a new trial is DENIED.  *See United States v. Camacho*, 302 F.3d 35, 36 (2d Cir. 2002) ("[T]he district court retains jurisdiction to deny a Rule 33 motion during the pendency of an appeal[.]").

IT IS FURTHER ORDERED that Defendant's purported motion to correct an omission on the district court docket is DENIED as moot because the trial indictment that Defendant asks be filed is already on the docket.

4

The Clerk of Court is respectfully directed to close the motion at Dkt. 593 and to mail a copy of this order to Defendant at Reg. 55511-054, FCI Loretto, P.O. Box 1000, Cresson, PA 16630.

**SO ORDERED.**

Date:  December 13, 2024
       New York, NY

                                                **VALERIE CAPRONI**
                                                **United States District Judge**